**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RON WEINLOOD, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAR COMMUNICATIONS LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Case No.: 2:09-cv-02040-JAR-DJW<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Ron Weinlood ("Plaintiff") on behalf of himself and others similarly situated and Defendant Bear Communications, LLC ("Bear") (collectively the "Parties"), having stipulated to the terms of this Protective Order ("Order"), and the Court being fully advised and for good cause shown, hereby grants the parties' Joint Motion for Protective Order (doc. 9) and enters the following **ORDER** (as revised by the parties pursuant to direction of the Court):

**1.      Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. This Order is necessary to protect both the Parties and other persons from potential annoyance and embarrassment, as well as to safeguard confidential business and proprietary information. Discovery in this case will likely seek the following private information from the Parties and non-parties: tax and financial information and other private and confidential documents regarding the Parties and non-parties; Bear's business operations; Bear's worker; Bear's independent contractors; confidential business information concerning the business of Bear; confidential portions of worker files of non-parties; the address, contact information, and other personal information of

non-parties; Bear's compensation and pay practices; Bear's compensation structure for Installers and other independent contractors; and Bear's independent contractor agreements and contracts. The privacy interests in such information substantially outweigh the public's right of access to these documents. Good cause exists for the issuance of a protective order, including the fact that many persons associated with this matter reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, and/or unfair business or competitive advantage, and it could potentially impact upon certain persons' personal and/or work relationships.

   **2.**  **Confidential Information.** The Parties have agreed that certain categories of non-public documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The Parties have further agreed that this shall include information relating to the following topics: (1) the confidential business, financial and/or net worth information of the Parties, including financial information, tax returns, annual reports, profit and loss statements, balance sheets, billing records, payroll practices, marketing strategies, customer lists, customer preferences, projected financial information, business plans, and related information; (2) the confidential worker files of any of Bear's current or former workers, independent contractors, or agents, including, but not limited to, any internal investigative materials; (3) pay arrangement and compensation information relating to any of Bear's current or former workers, independent contractors, or agents; and (4) service and/or tax records relating to the Parties or others. This Order shall not apply to information that is available to the public or to information that is lawfully obtained from sources other than the Parties through the discovery process.

**3.     Designating Documents and Interrogatory Answers as Confidential.** Counsel will designate a document or interrogatory answer produced pursuant to this Order as "Confidential" only after a review of it and based on a good faith belief that it is confidential or otherwise entitled to protection, and by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."

The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Any failure to designate information as "Confidential" that was the result of mistake or oversight will not be deemed a waiver and may be cured by providing written notice thereof to Counsel for the receiving party. Upon receipt of such notice, Counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

Unless otherwise ordered by the Court or stipulated by the Parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraphs one and two may be designated as Confidential Information. Any Party to this action may also designate deposition testimony relating to the subjects enumerated in paragraphs one and two above as "Confidential" by advising opposing counsel of record, in writing, within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the Parties, of the pages and lines of the deposition which the party believes fall under paragraphs one and two. Alternatively, any party may, on the record at the deposition, designate deposition testimony as "Confidential" by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

**4.     Disclosure of Confidential Information.** Any documents or interrogatory answers which are marked as "Confidential" are to be treated as such by the Party receiving the discovery and shall be utilized by such Party only for the prosecution or defense of this case.  Except as agreed upon by the Parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

- (a)   The Parties (and as to any business entity, disclosure will be limited to only those with a true need to know the information for purposes of this litigation);
- (b)   Deponents, witnesses or potential witnesses;
- (c)   The Parties' counsel, counsel's legal and clerical assistants and staff;
- (d)   Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;
- (e)   Any independent document reproduction services or document or video recording and retrieval services; and
- (f)   Any expert witness or outside consultant retained or consulted by the Parties.
- (g)   Such other persons as hereafter may be designated by written stipulation of all parties filed in this action or by further order of the Court on motion by any party to this action.

Counsel shall advise all individuals, other than those identified in Paragraphs 4(a), (c), (d), and (e), above, to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound to the terms of this Protective Order prior to sharing this

Confidential Information with them by signing the "Acknowledgment of Protective Order" attached as Exhibit A.

5. **Disputes Concerning Designation(s) of Confidential Information.** In the event that any Party to this action disagrees at any stage of the proceedings with the designation of information as "Confidential," the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, counsel for either Party may file an appropriate motion with the Court. The burden rests upon the Party asserting protected status to demonstrate that the designation is proper. Until a resolution of the dispute is achieved either through consent or order of the Court, all persons shall treat the designated information in accordance with its designation.

6. **Binding Effect of This Order.** The terms of this Order are binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees, and upon all persons to whom disclosure of confidential documents, discovery materials, or testimony is limited pursuant to the terms of this Order and the Acknowledgment of Protective Order that they have signed.

7. **Use of Confidential Information.** The Parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case. The Parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case after providing opposing counsel notice and the opportunity to address the need for continued confidentiality with the Court. The Parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents. All documents, including

pleadings, motions, and other papers, containing Confidential Information that are filed with the Court shall be filed in a manner sufficient to protect the documents' contents.

**8.    Filing Under Seal.**  If a party wishes to file confidential materials under seal, then the party must first file a motion with the Court (pursuant to the Court's established guidelines and rules) requesting leave of the Court to file a particular document under seal and the Court must grant such leave to file the particular document under seal.  If the Court grants such leave, the filing party shall then file the documents to be placed under seal electronically, under seal, following the Court's established electronic filing procedures.

**9.    Return or Destruction of Confidential Information.**  At the conclusion of this litigation, the parties' respective counsel shall, upon written request of the other party, return or destroy by shredding all confidential documents, including all copies of the same to the counsel of record of the party which produced that document.  Destruction by shredding shall be certified in writing to the producing person.  The parties and their counsel retain the right to keep any confidential documents that were admitted as exhibits in this case, as well as all pleadings, briefs, memoranda, motions and other documents containing their work product that refer to or incorporate any documents which falls under the scope of this Order.  Absent such request, at the conclusion of the litigation, <u>all</u> confidential documents and information derived from them shall be kept strictly confidential.  Following termination of the litigation, the provision of this Order relating to the confidentiality of the documents and the information contained in them, shall continue to be binding, except with respect to documents that are no longer confidential and if no request for the documents is made as set forth above.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Protective Order (doc. 9) is granted as revised by the parties pursuant to direction of the Court.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 15th day of June 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

# EXHIBIT A

I hereby attest to my understanding that information and/or documents designated "Confidential" and/or "Filed Under Seal" may be provided to me pursuant to the terms, conditions and restrictions of the Protective Order entered in the matter of **Ron Weinlood v. Bear Communications LLC, Case No. 2:09-CV-2040**:

I have been given a copy of the Protective Order, and have had its meaning and effect explained to me by the attorneys providing me with such information and documents, and I hereby agree to be bound by its terms.

I further agree that I shall not disclose to others, except in accordance with the Protective Order, such information or documents, and that such information or documents shall be used only for the purpose of the aforementioned legal proceedings in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of the legal proceedings.

DATED: _____

PRINT NAME: _____

SIGNATURE: _____